## IN THE COUNTY COURT OF ELEVENTH JUDICIAL
## CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA CIVIL DIVISION

JASON WARSHOFSKY,

     Plaintiff,                        Case No.:

V.

MEDICREDIT, INC. AND PLANTATION
GENERAL HOSPITAL LIMITED
PARTNERSHIP
D.B.A. MERCY HOSPITAL, A CAMPUS
OF PLANTATION GENERAL HOSPITAL

     Defendant(s).
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND
## TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

COMES NOW, Plaintiff, JASON WARSHOFSKY (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, MEDICREDIT, INC. (hereinafter, "Medicredit"), and PLANTATION GENERAL HOSPITAL LIMITED PARTNERSHIP D.B.A. MERCY HOSPITAL, A CAMPUS OF PLANTATION GENERAL HOSPITAL (hereinafter, "Mercy"), and hereinafter collectively, "Defendants." In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendants' violations of Sections 805(a)(2), and 805(c), of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), Florida Consumer Collection Practices Act, Fla. Stat § 559.72(7) and 559.72(18) (hereinafter, the "FCCPA") and violations of 47 U.S.C §227 et seq., the Telephone Consumer Protection Act (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

2. This is an action for damages that does not exceed eight thousand ($8,000.00) exclusive of costs, interest, and attorney's fees.

3.   Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77.

4.   At all material times herein, the conduct of Defendant, complained of below, occurs in Miami- Dade County, Florida.

5.   At all material times herein, Plaintiff is an individual residing in Miami-Dade County, Florida.

6.   At all material times herein, Defendant Medicredit, Inc. is a foreign for-profit corporation existing under the laws of the State of Montana that, itself and through its subsidiaries, regularly extends telecommunication products and services to consumers in Miami-Dade County, Florida.

7.   At all material times herein, Defendant Mercy is a foreign for-profit corporation existing under the laws of the State of Ohio that, itself and through its subsidiaries, regularly extends telecommunication products and services to consumers in Miami-Dade County, Florida.

## PARTIES

8.   Plaintiff, JASON WARSHOFSKY is a natural person residing in Miami-Dade County, Florida (hereinafter referred to as "Plaintiff"). Plaintiff is a "consumer" as that term is defined by Fla. Stat § 559-55(8), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

9.   Defendant, Medicredit, Inc., is a foreign for profit corporation doing business in the State of Missouri, is a "creditor" as that term is defined by § 559.55(5), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and § 559.72.

10.   Defendant, Mercy Hospital is a foreign for profit corporation doing business in the State of Tennessee, is a "creditor" as that term is defined by § 559.55(5), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and § 559.72.

11.   All conduct of the Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of the Defendant, and/or known in advance that the Defendants were likely to conduct themselves and allowed it to so act with conscious disregard or the rights and safety of others. The conduct alleged herein was harassing, oppressive, abusive, and done knowingly with intent, with malice, and without cause.

12. The Defendants communications set forth below were made only to exhaust the non-paying resisting Plaintiff's will in an attempt to break the Plaintiff and have Plaintiff pay

amounts owed long after the Plaintiff was given all necessary information and persuasion and negotiation failed.

13.  The Defendants communications set forth below are wholly without excuse.

14.  At all times mentioned herein, the agent(s) or employee(s) of Defendants' acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of the Defendants. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Plaintiff.

## FACTUAL ALLEGATIONS

15.  Upon information and believe, Plaintiff is alleged to have incurred a financial obligation through Defendants which was primarily for personal, family or household purposes, and is a "debt" as that term is defined by Section 559.55(1), Florida Statutes (hereafter referred to as the "Debt").

16.  Defendants made multiple Collection Calls, on multiple days, in multiple weeks, over multiple months, including without limitation from November 30, 2020 through May 21, 2021 (the "Collection Calls") to Plaintiff attempting to collect the Alleged Debt.

17. It was the substance of the testimony of the Plaintiff that:

    a)  On March 19, 2020, the Plaintif received emergency room treatment at Mercy Hospital.

    b)  On October 9, 2020, the  Plaintiff sent out a letter to Mercy Hospital, requesting a break-down of payments made by him and his insurance company.  See attached letter as Exhibit "A."

    c)  Plaintiff retained counsel Yuli, Kotler, Esq., in November of 2020 to represent him regarding the alleged debt.

    d)  On November 10, 2020, debt collection agency, Medicredit, Inc., issued a collection letter to the Plaintiff's, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.  See attached letter as Exhibit "B."

    e)  On November 24, 2020, the Plaintiff sent out a Validation letter via certified mail to both defendants.  Said letters were received by Mercy and Medicredit on December   3, 2020  and  December 7, 2020,

respectively.   See attached Validation Letter and Proof of Service as Composite Exhibit "C."

f)   On November 30, 2020, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

g)   On December 9, 2021, debt collection agency, Medicredit, issued a collection letter to the Plaintiff's, on behalf of creditor, Mercy, for services rendered on March 19, 2020.  See attached letter as Exhibit "D."

h)   On January 29, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

i)   On February 6, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

j)   On February 15, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

k)   On February 23, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

l)   On March 22, 2021, debt collection agency, Medicredit, Inc., issued a collection letter to the Plaintiff, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.  See attached message as Exhibit "E."

m)   On March 23, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services

rendered on March 19, 2020.

n) On April 28, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

o) On May 5, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

p) On May 21, 2021, debt collection agency, Medicredit, Inc, placed a collection call and left a voice message to the Plaintiff's cell phone, (305) 446-1244, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.

q) On June 9, 2021, debt collection agency Capio Partners, LLC, issued a collection letter via email to the Plaintiff, on behalf of creditor, Mercy Hospital, for services rendered on March 19, 2020.  See attached message as Exhibit "F."

## COUNT I

**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STATUTES, SECTION 559.72(7), AS TO DEFENDANT MERCY HOSPITAL**

18. Plaintiff re-alleges and incorporates Paragraphs 1 through 17, as if fully set forth herein.

19. Mercy Hospital is engaged in the business of soliciting consumers for debts and collection of consumer debts and is, therefore, subject to Fla. Stat. § 559.55 *et seq.*

20. The alleged Debt is a "debt" as defined by Fla. Stat. §559.55(6).

21. Mercy Hospital communicated certain information to Plaintiff, as set forth in the above Factual Allegation paragraphs, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

22. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can be reasonable be expected to harass the debtor or her or his family, or willfully engage in other conduct which can be reasonably be expected to abuse or harass the debtor or any member of her or his family.

23. Mercy Hospital violated Fla. Stat. § 559.72(7) when Defendant itself and through the use of it's agent, Medicredit, Inc., (1) made multiple Collection Calls, on multiple days, in multiple weeks, over multiple months, including without limitation from November 30, 2020 through May 21, 2021 to Plaintiff attempting to collect the alleged debt; (2) made Collection Calls to Plaintiff's cell phone after Plaintiff told Defendant that Plaintiff disputed the debt; (3) issued Collection Letters to Plaintiff after Plaintiff told Defendant that Plaintiff disputed the debt; and (4) made Collection Calls and issued a Collection Letter to Plaintiff when Defendant knew that Plaintiff had retained counsel for the alleged debt; all of which is a willful communication with the Plaintiff with such frequency that Defendant could reasonably expect such communication to harass Plaintiff, or which is a willful engagement by Defendant in other conduct, including violation of the TCPA, which could be reasonably be expected to abuse or harass Plaintiff.

24. As a result of the above violations of the FCCPA, Plaintiff has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

25. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat §§559.77 and 768.72.

26. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. §559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## <u>COUNT II</u>

**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA.**

<u>STATUTES, SECTION 559.72(18), AS TO DEFENDANT MERCY HOSPITAL</u>

27.  Plaintiff re-alleges and incorporates Paragraphs 1 through 17, as if fully set forth herein.

28.  Fla. Stat. § 559.72 (18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

29.  Defendant violated Fla. Stat. § 559.72(18) when Defendant itself and through the use of its agent, Medicredit, Inc., (1) made Collection Calls to Plaintiff when Defendant knew that Plaintiff had retained counsel for the alleged debt; which is a communication with Plaintiff by Defendant, where Defendant knew Plaintiff was represented by an attorney as to the alleged debt and knew, or could readily ascertain, the attorney's name and address.

30.  As a result of the above violations of the FCCPA, Plaintiff has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

31.  Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat §§559.77 and 768.72.

32.  All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. §559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

<u>COUNT III</u>

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STATUTES, SECTION 559.72(18), AS TO MEDICREDIT, INC.

33. Plaintiff re-alleges and incorporates Paragraphs 1 through 17, as if fully set forth herein.

34. Fla. Stat. § 559.72 (18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

35. Defendant violated Fla. Stat. § 559.72(18) when Defendant issued Collection Letters and made Collection Calls to Plaintiff when Defendant knew that Plaintiff had retained counsel for the alleged debt; which is a communication with Plaintiff by Defendant, where Defendant knew Plaintiff was represented by an attorney as to the alleged debt and knew, or could readily ascertain, the attorney's name and address.

36. As a result of the above violations of the FCCPA, Plaintiff has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

37. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat §§559.77 and 768.72.

38. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. §559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, SECTION § 805(a)(2), AS TO DEFENDANT MEDICREDIT, INC.

39. This is an action against Defendant for violations of 15 U.S.C. 1692-1692p *et seq.*

40. Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth here-in.

41. Pursuant to the FDCPA, Section 805(a)(2), Communication with the consumer generally:

    a.   Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt...if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

42. In numerous instances, in connection with the collection of debts, through the means described in Paragraphs 1 – 17, Defendants violated Section 805(a)(2), when Defendant issued Collection Letters and made Collection Calls to Plaintiff when Defendant knew that Plaintiff had retained counsel for the alleged debt; which is a communication with Plaintiff by Defendant, where Defendant knew Plaintiff was represented by an attorney as to the alleged debt and knew, or could readily ascertain, the attorney's name and address.

43. Section 813(a) of the FDCPA, 15 U.S.C. § 1692k, authorizes the Court to award monetary civil penalties for violations of the FDCPA when any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of --(1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

44. Each instance in which Defendant has failed to comply with the FDCPA in one or more of the ways described above constituted a separate violation of the FDCPA for the purpose of assessing monetary civil penalties. Plaintiff seeks monetary civil penalties for every separate violation of the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant, finding that the Defendant violated the FDCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorney's fees and costs pursuant to FDCPA, 15 U.S.C. § 1692k, and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, SECTION § 805(c), AS TO DEFENDANT MEDICREDIT, INC.

45. Pursuant to the FDCPA, Section 805(c), Communication in connection with debt collection:

    a. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

        (1) to advise the consumer that the debt collector's further efforts are being terminated;

        (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

        (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

    If such notice from the consumer is made by mail, notification shall be complete upon receipt.

46. In numerous instances, in connection with the collection of debts, through the means described in Paragraphs 1 – 17, Defendant violated Section 805(c) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(f), when the Defendant failed to cease communication after the Plaintiff notified Defendants in writing that the Plaintiff refuses to pay a debt and that the consumer wishes the debt collector to cease further communication with the consumer.

47. Section 813(a) of the FDCPA, 15 U.S.C. § 1692k, authorizes the Court to award monetary civil penalties for violations of the FDCPA when any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of --(1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and in the case of any successful action to enforce

the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

48. Each instance in which Defendant has failed to comply with the FDCPA in one or more of the ways described above constituted a separate violation of the FDCPA for the purpose of assessing monetary civil penalties. Plaintiff seeks monetary civil penalties for every separate violation of the FDCPA.

**WHEREFORE** , Plaintiff respectfully requests this Court to enter a judgment against the Defendant, finding that the Defendant violated the FDCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorney's fees and costs pursuant to FDCPA, 15 U.S.C. § 1692k, and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

<u>**COUNT VI**</u>

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq. AS TO DEFENDANT MERCY HOSPITAL**

49. This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq.*

50. Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth here-in.

51. Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

52. Section 47 U.S.C. § 227 provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call ... using any automatic telephone system or an artificial or prerecorded voice –

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

53. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant through the use of its agent, Medicredit, (1) made multiple Collection Calls, on multiple days, in multiple weeks, over multiple months, including without limitation from November 30, 2020 through May 21, 2021 (the "Collection Calls") to Plaintiff attempting to collect the Alleged Debt and (2) made

LAW OFFICE

**Exhibit "A"**

## Jason Warshofsky, PA

2655 LeJeune Road, Suite 805
Coral Gables, Florida 33134

Tel: 305-446-1244
Email:

October 9, 2020

Mercy Hospital
P.O. Box 740743
Cincinnati, OH 45274-0743

RE: Account No. 61007776349, patient Jason Warshofsky

Dear Mercy Hospital:

I have enclosed the invoice that I received today in the amount of $2,350.69. This came as a surprise to me. Please provide me with a more detailed description of what this is for, a break down of the payments made by myself and my insurance company (Florida Blue). Thank you in advance for your assistance.

Sincerely,

Jason Warshofsky

Enclosure



P.O. BOX 99400
LOUISVILLE, KY  40269



| | |
|---|---|
| Patient Name: | Jason I Warshofsky |
| Account Number: | 61007776349 |
| Service Date(s): | 03/19/2020 - 03/23/2020 |
| Statement Date: | 10/02/2020 |

404074

**JASON I WARSHOFSKY**
**4012 SW 2ND ST**
**CORAL GABLES, FL 33134-1723**
իկիկիկիկիրիկիդիկիկիկիկիկինիկներիկ

**Contact Us**
Toll Free: 1-800-223-9899 Espanol: 1-800-681-9692
MON-FRI 8AM-9PM SAT 9AM-2PM ET

Please be prepared to provide the patient/responsible party full name, date
of birth and mailing address. All calls may be recorded.

## ATTENTION REQUIRED

| Total Payments $ 19,068.58 | Current Balance $ 2,350.69 | Payment Due By 10/12/20 | Amount You Owe $ 2,350.69 |
|---|---|---|---|

You are obligated to pay for the services provided and we strongly urge you to take advantage of this FINAL opportunity
to settle your balance.  If payment in full is not received, your account may be referred to a debt collector without further
notice.  If you are unable to pay this account in full, please contact us at 1-800-223-9899 to discuss resolving your
account balance.  If you have already sent payment in full or contacted us to resolve the balance, thank you.

*Payment Options*

 **PAY ONLINE** at your provider's website:
www.mercymiami.com/billpay

 **PAY BY PHONE** at no additional cost through our automated system
during or after normal business hours.  Toll Free 1-800-223-9899.

 **MAIL PAYMENT:** make payment out to the provider below and send
with the attached coupon to the payment address specified below.

**\*\*\*\*\*PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION\*\*\*\*\***
Please Detach and Return This Portion With Your Payment

Statement Date  10/02/2020

☐ If your address changed, check this box and
complete form on back.

**JASON I WARSHOFSKY**
**4012 SW 2ND ST**
**CORAL GABLES, FL 33134-1723**

| | |
|---|---|
| Account Number | 61007776349 |
| Payment Due Date | 10/12/20 |
| Balance Due | $ 2,350.69 |
| Payment Amount Enclosed | |

**Please do not send cash.  If paying by check or money order, please
indicate account number and make payable to:**
**MERCY HOSPITAL A CAMPUS OF PLANTATION.**

**PLEASE DETACH THIS COUPON AND RETURN WITH
PAYMENT TO ADDRESS BELOW:**

**MERCY HOSPITAL A CAMPUS OF PLANTATION**
**P.O. BOX 740743**
**CINCINNATI, OH 45274-0743**
իկիիկիդիրիդիիիիիիիիիիիիիիիիիիիիիիիիիիի

Credit Card Authorization (please check one)

☐ MasterCard   ☐ VISA   ☐ DISCOVER   ☐ AMEX

Credit Card Number _____  Exp. Date _____

Cardmember's Signature _____  $ _____ Amount

WARSHOFSKY  J  ████████████████

**Exhibit "B"**

## Medicredi➕ Inc

PO Box 1629
Maryland Heights, MO 63043-0629
**Phone: 800-823-2318**

You can also pay by check or
credit card at our website:
*www.medicreditcorp.com*

Account #:  119507404                                  Balance due on file:          $2,350.69
# of Accounts on File:   1

The account(s) listed below have been placed with this agency with the full intention of collecting on this account(s).  Please give the past due account(s) the attention it deserves.

For phone payments or express mail, or MoneyGram information, call between 8:00am and 8:00pm Monday through Thursday, 8am and 5pm Friday, and 9am and 1pm Saturday. All times are Central Time Zone. Please call us at 800-823-2318 to make a payment.

 Please call to make a payment by check or credit card by telephone    MoneyGram. ExpressPayment®

**Important Notice:**
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

| Creditor Account # | Creditor Name | Patient Name | Date of Service | Balance |
|---|---|---|---|---|
| 61007776349 | Mercy Hospital | Jason Warshofsky | 03/19/2020 | $2,350.69 |

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for this purpose.**

---

>>> *Please see reverse side for credit card payments* <<<

***Detach Lower Portion and Return with Payment***     653864448_29TTTOGW0101DHCI_119507404_B1H00339

TTTOGW01
PO Box 1280
Oaks PA 19456-1280

ADDRESS SERVICE REQUESTED

Account #: 119507404
Balance Due on File: $2,350.69
Statement Date: November 10, 2020

Jason l Warshofsky
4012 SW 2Nd St
Coral Gables FL 33134-1723

**Mail all Correspondence to:**

MEDICREDIT, INC.
PO Box 1629
Maryland Heights, MO 63043-0629

Today's Date: <u>November 24, 2020</u>

Collector's Name: <u>Mercy Hospital</u>

Collector's Address :<u>P.O. Box 740743</u>

<div align="center"><u>Cincinnati, OH 45274</u></div>

RE: Account of **<u>Jason Warshofsky</u>**

Account # **<u>61007776349</u>**

<div align="center">

**DEBT COLLECTION VALIDATION LETTER**

</div>

Dear Collector,

I am writing in response to your letter or phone call dated on or about October 2, 2020.

I do not believe that I owe this debt or what you say I owe and I refuse to pay said debt.

Pursuant to the Fair Debt Collection Practices Act, Section 809(b), Validating

Debts:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until  the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

> (emphasis added)

I respectfully request that you provide me with the following:

1. the amount of the debt;

2. the name of the creditor to whom the debt is owed;

3. verification or copy of any judgment (if applicable);

4. proof that you are licensed to collect debts in FLORIDA;

5. proof of the last payment made on the account.

I am asserting my rights under the federal and state Fair Debt Collection Practices Acts and the Fair Credit Reporting Act, including these rights:

- Because I have disputed this debt in writing within 30 days of receipt of your initial notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense.

- You cannot add interest or fees except those allowed by the original contract or state law.

- Any attempt to collect this debt without validating it violates the FDCPA.

Also be advised that I am keeping accurate records of all correspondence from you and your company, including recording all phone calls, and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt. Therefore, until it is validated, your information concerning this debt is assumed to be inaccurate. Accordingly, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB), then you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request that the case be dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware that I dispute the debt.

I have retained Yuli Kotler, Esq. to represent me with regard to my debts generally, including the debt you are attempting to collect.  He can be reached at P.O Box 22411 St. Petersburg, FL 33742. All further questions, settlement offers, inquiries, and communications should be directed to my attorney. PLEASE STOP COMMUNICATING WITH ME.

Sincerely,

_____

**Address: 4012 SW 2nd St**
              **Coral Gables, FL 33134**

# USPS Tracking®

FAQs >

## Track Another Package  +

Get the free Informed Delivery® feature to receive
automated notifications on your packages                **Learn More**          (https://reg.usps.com/xsell?

app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:** 9407111898765821415526                              Remove ✕

Your item was delivered at 10:52 am on December 3, 2020 in CINCINNATI, OH
45274.

 **Delivered**

December 3, 2020 at 10:52 am
Delivered
CINCINNATI, OH 45274

**Get Updates** ∨

Feedback

---

**Text & Email Updates**                                                              ∨

---

**Tracking History**                                                ⌄

**Product Information**                                             ⌄

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Today's Date: <u>November 24, 2020</u>

Collector's Name: <u>Medicredi</u>

Collector's Address : <u>P.O. Box 1629</u>

<div align="center"><u>Maryland Heights, MO 63043</u></div>

RE: Account of **Jason Warshofsky**

Account # **119507404**

<div align="center">

### DEBT COLLECTION VALIDATION LETTER

</div>

Dear Collector,

I am writing in response to your letter or phone call dated on or about November 10, 2020.

I do not believe that I owe this debt or what you say I owe and I refuse to pay said debt.

Pursuant to the Fair Debt Collection Practices Act, Section 809(b), Validating

Debts:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until  the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

> (emphasis added)

I respectfully request that you provide me with the following:

1. the amount of the debt;

2. the name of the creditor to whom the debt is owed;

3. verification or copy of any judgment (if applicable);

4. proof that you are licensed to collect debts in FLORIDA;

5. proof of the last payment made on the account.

I am asserting my rights under the federal and state Fair Debt Collection Practices Acts and the Fair Credit Reporting Act, including these rights:

- Because I have disputed this debt in writing within 30 days of receipt of your initial notice, you must obtain verification of the debt or a copy of the judgment against me and mail these items to me at your expense.

- You cannot add interest or fees except those allowed by the original contract or state law.

- Any attempt to collect this debt without validating it violates the FDCPA.

Also be advised that I am keeping accurate records of all correspondence from you and your company, including recording all phone calls, and I will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

I have disputed this debt. Therefore, until it is validated, your information concerning this debt is assumed to be inaccurate. Accordingly, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB), then you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without validating this debt, I will inform the judge and request that the case be dismissed based on your failure to comply with the FDCPA.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware that I dispute the debt.

I have retained Yuli Kotler, Esq. to represent me with regard to my debts generally, including the debt you are attempting to collect. He can be reached at P.O Box 22411 St. Petersburg, FL 33742. All further questions, settlement offers, inquiries, and communications should be directed to my attorney. PLEASE STOP COMMUNICATING WITH ME.

Sincerely,

_____

**Address: 4012 SW 2nd St**
**Coral Gables, FL 33134**

# USPS Tracking®

**FAQs** >

## Track Another Package  +

Get the free Informed Delivery® feature to receive
automated notifications on your packages      **Learn More**      (https://reg.usps.com/xsell?

app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:** 9407111898765821415472                  Remove ✕

Your item has been delivered and is available at a PO Box at 8:23 am on
December 7, 2020 in MARYLAND HEIGHTS, MO 63043.

 **Delivered**

December 7, 2020 at 8:23 am
Delivered, PO Box
MARYLAND HEIGHTS, MO 63043

**Get Updates** ⌄

---

**Text & Email Updates**                                          ⌄

---

**Tracking History** ⌄

**Product Information** ⌄

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Exhibit "D"

# Medicredi✚ Inc.

PO Box 1629
Maryland Heights, MO 63043-0629
**1-800-823-2318**

## Account Summary

| | |
|---|---|
| Account #: | 61007776349 |
| Customer #: | 119507404 |
| Balance Due on File: | $2,350.69 |
| Patient Name: | Jason Warshofsky |

| Account Number | Creditor Name | Date of Service | Balance Due on File |
|---|---|---|---|
| 61007776349 | Mercy Hospital | 03/19/2020 | $2,350.69 |
| | | BALANCE DUE ON FILE | $2,350.69 |

## Important Information

We have received your dispute in regards to your account with Mercy Hospital and are currently investigating the matter. We need additional information from you so it is important that you call our office at 1-800-823-2318 during normal business hours of 8:00am to 8:00pm CT Monday to Thursday, 8:00am to 5:00pm CT Friday, and 9:00am to 1:00pm CT Saturday to discuss the account.

Please be aware that if the additional information is not provided in a timely manner, you may be held responsible for the full balance due.

Thank you for your attention regarding this matter.

**This communication is from a debt collector.**

## Payment Options

**www.medicreditcorp.com**

🖥️ Pay your bill

✓ Check Balances

💲 Setup Recurring Payments

📅 Setup Payment Reminders

📱 Scan using cellphone for quick payment

📞 **1-800-823-2318**

**Hours**
Mon – Thurs   8am to 8pm CT
Friday           8am to 5pm CT
Saturday        9am to 1pm CT

>>> Please see reverse side for important information <<<

937506316-TTTOGW08-08DDSBAI-119507404-B1H00339

TTTOGW08
PO BOX 1280
Oaks PA  19456-1280

ADDRESS SERVICE REQUESTED

December 9, 2020

Jason I Warshofsky
4012 SW 2Nd St
Coral Gables FL 33134-1723

Exhibit "E"

# Medicredi✚™

PO Box 1629
Maryland Heights, MO 63043-0629
**Phone: 800-823-2318**

| | | | |
|---|---|---|---|
| Creditor Name: | MERCY HOSPITAL | Patient Name: | Jason Warshofsky |
| Account Balance: | $2,350.69 | Date of Service: | 03/19/2020 |
| Medicredit Account #: | 119507404 | | |

### SETTLEMENT OFFER

Dear Jason I Warshofsky:

In an effort to assist you in resolving your account with MERCY HOSPITAL, we have been authorized to extend you an offer to settle your account as follows:

1. Pay the settlement amount of $1,175.34 by 04/14/21. This settlement has been calculated as follows:

    | | |
    |---|---|
    | Outstanding Account Balance | $2,350.69 |
    | You Pay | $1,175.34 |

2. If you choose to accept this offer to settle your account, please pay by check or credit card online at www.medicreditcorp.com, call us at 800-823-2318, or return your payment with the stub below.

This settlement offer only applies to the account listed above and does not apply to any other accounts you may have with Medicredit, Inc. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. In the event you elect not to accept this offer, our normal collection efforts will continue. By paying the settlement amount, the creditor and guarantor agree to release each other from all claims related to the above-referenced account.

Thank you for your attention to this matter and we sincerely hope you will take advantage of this offer.

Toll Free: (800) 823-2318
Office Hours: 8AM to 8PM Monday to Thursday, 8AM to 5PM Friday, and 8AM to Noon Saturday
All times are Central Time Zone.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
PAY ONLINE: WWW.MEDICREDITCORP.COM
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for this purpose.**

945445898  848TTTOGW0101DHCSTLI 119507404  B1H00339

Gmail - FW: <CustomSubject> **Exhibit "F"**

 Gmail **Yuli Kotler <yulikotler@gmail.com>**



----- Forwarded Message -----

**From:** Capio Partners <lt1568618147@mg.pchemail.com>

**To:** JASON I WARSHOFSKY <jacito@bellsouth.net>

**Sent:** Wednesday, June 9, 2021, 12:34:02 PM EDT

**Subject:** <CustomSubject>



NOTICE OF DEBT

**Re:** Mercy Hospital

Gmail - FW: <CustomSubject>

**Patient:** JASON I WARSHOFSKY


**Client Account #:** 061007776349


**Capio Account #:** 11950243


**Date of Service:** 03/19/2020


**Balance Due:** $2350.69


**WHAT IS THIS ABOUT?**
The above account, owed to Mercy Hospital is past due. Capio Partners has been contracted to collect the outstanding balance. Payments and questions should be directed to Capio Partners to ensure prompt service and credit.

**WHAT YOU CAN DO?**
We are reasonable people to deal with and we know that times are tough. However, we need your assistance to help you resolve the above-referenced account. Remember, to ensure prompt service and credit, inquiries or payments should be made directly to Capio Partners.

Office hours are Monday through Thursday 8AM to 7PM, Friday 8AM to 5PM and Saturday 8AM to NOON, Central Time. You may contact us toll-free at 888-887-6705. We offer several payment options. We can take your payment information over the phone or you may mail a check directly to our office or pay your account online. You will need this email for reference in order to pay your account online.

Sincerely,
Capio Partners, LLC




    Payment Options



**TO PAY ONLINE:**

https://jasoniwarshofsky33138528.revexpress.com
**Password: 4C4664C**

**TO PAY BY MAIL:**

**Capio Partners**
2222 Texoma Pkwy, Ste 150
**Sherman, TX 75090**

**TO PAY BY PHONE:**

**Phone: 888-887-6705**
**Office Hours: Monday through Thursday 8AM to 7PM, Friday 8AM to 5PM and Saturday 8AM to NOON, Central Time.**

Continue scrolling for notice of important information.

 Please consider the environment before printing this email.

Unsubscribe

2222 Texoma Pkwy, Ste 150
Sherman, TX 75090

**Important Information:**

You are receiving this communication because you consented to receiving electronic communications. You have the right to withdraw your consent to receive communication electronically by:

• Selecting the "Unsubscribe Button"

• Writing us

• Calling us

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls to or from this company may be monitored and/or recorded for quality assurance purposes.

Gmail - FW: &lt;CustomSubject&gt;